

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

Nos. 07-19-00021-CR
07-19-00022-CR
_____

CARLOS OTILIO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 187th District Court
Bexar County, Texas
Trial Court Nos. 2010CR6300A & 2010CR6301A; Honorable Joey Contreras, Presiding

April 25, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2011, Appellant, Carlos Otilio Gonzalez, was granted deferred adjudication community supervision for five years and assessed a $1,500 fine for two offenses of burglary of a habitation.[1] In 2016, the trial court adjudicated Appellant guilty of the offenses, sentenced Appellant to ten years confinement, and assessed a fine of $1,500

_____

[1] TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (West Supp. 2018).

for each offense. The trial court suspended the sentences in favor of community supervision for five years. In 2018, the State moved to revoke Appellant's community supervision based on his violations of its terms and conditions. Appellant pleaded true to the State's allegations, and the trial court revoked his community supervision. Appellant was sentenced to six years confinement and assessed a $1,500 fine for each offense, with the sentences to run concurrently. Appellant filed a notice of appeal in both causes, proceeding pro se.

On February 20, 2019, we abated the appeals and remanded the causes to the trial court to determine (1) whether Appellant still desired to prosecute the appeals, (2) whether Appellant was indigent and entitled to appointed counsel, and (3) whether Appellant was entitled to have the reporter's record furnished without charge. The trial court held a hearing on April 10, 2019. At the hearing, Appellant notified the trial court that he no longer wished to pursue the appeals. The trial court entered findings of fact and conclusions of law providing same.

Because Appellant no longer desires to prosecute the appeals, we invoke Appellate Rule 2 to suspend operation of Appellate Rule 42.2(a), which requires that Appellant and his attorney sign a motion to dismiss. *See* TEX. R. APP. P. 2, 42.2(a). Accordingly, the appeals are dismissed. No motion for rehearing will be entertained and our mandates will issue forthwith.

It is so ordered.

Per Curiam

Do not publish.